Accordingly, I hold as matter of law that the proper basis for appraisement of the clarinets and oboes in question, as hereinbefore identified, is statutory export value and that such value therefor is the unit entered values.

As to all other merchandise included on the invoices covered by the entries involved herein, these appeals for reappraisement are dismissed.

Judgment will be rendered accordingly.

(Reap. Dec. 10004)

B & D Sales Co., Inc. *v.* United States

Entry Nos. 95402; 100214; 106088.

(Decided May 24, 1961)

*Barnes, Richardson & Colburn* for the plaintiff.
*William H. Orrick, Jr.*, Assistant Attorney General, for the defendant.

Lawrence, Judge: When the appeals for a reappraisement enumerated in the schedule attached to and made a part of this decision were called for hearing, no evidence was offered on behalf of plaintiff and the court *sua sponte* ordered the cases submitted on the record consisting of the official papers.

A review thereof discloses nothing which would tend in any way to overcome the presumption of correctness which attaches to the decision of the appraiser. I find and hold, therefore, that the proper values of the merchandise the subject of said appeals are the values returned by the appraiser.

Judgment will be entered accordingly.

(Reap. Dec. 10005)

Patrick & Graves *v.* United States

Entry No. 8252–H.

(Decided May 24, 1961)

Plaintiff not represented by counsel.
*William H. Orrick, Jr.*, Assistant Attorney General, for the defendant.

LAWRENCE, Judge: When the above-enumerated appeal for a reappraisement was called for hearing, there was no appearance on behalf of plaintiff. The court thereupon ordered the case submitted.

Rule 5 (a) of the rules of the court provides that—

The submission for decision of any case shall be made in open court by the parties thereto or their attorneys, or by stipulation, or by written request to the court, or by the court on its own motion. Where the plaintiff, petitioner, or appellant, or his attorney, in a case does not appear when the same is called, and after the opposite party has had opportunity to present evidence on the issues, it may be deemed submitted and may be decided by the court on the record as it appears therein.

Accordingly, I have examined the record in the appeal before the court and find nothing therein which tends in any way to overcome the presumption of correctness which attaches to the decision of the appraiser. I find and hold, therefore, that the proper value of the merchandise is the value returned by the appraiser.

Judgment will be entered accordingly.

(Reap. Dec. 10006)

KAMKAP, INC. *v.* UNITED STATES

Entry No. 509658.

(Decided May 24, 1961)

Plaintiff not represented by counsel.
*William H. Orrick, Jr.*, Assistant Attorney General, for the defendant.

LAWRENCE, Judge: When the above-enumerated appeal for a reappraisement was called for hearing, there was no appearance on behalf of plaintiff. The court thereupon ordered the case submitted.

Rule 5 (a) of the rules of the court provides that—

The submission for decision of any case shall be made in open court by the parties thereto or their attorneys, or by stipulation, or by written request to the court, or by the court on its own motion. Where the plaintiff, petitioner, or appellant, or his attorney, in a case does not appear when the same is called, and after the opposite party has had opportunity to present evidence on the issues, it may be deemed submitted and may be decided by the court on the record as it appears therein.

Accordingly, I have examined the record in the appeal before the court and find nothing therein which tends in any way to overcome the presumption of correctness which attaches to the decision of the appraiser. I find and hold, therefore, that the proper value of the merchandise is the value returned by the appraiser.

Judgment will be entered accordingly.